Case 1:21-mj-00011-GMH   Document 5-1

Case: 1:21-MJ-00011
Assigned to: Judge G. Michael Harvey
Assigned Date: 1/7/2021
Description: COMPLAINT W/ ARREST WARRANT

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, Southeast, in Washington, D.C. Specifically, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Vice President Michael R. Pence was present and presiding in the Senate chamber.

Shortly before the joint session was scheduled to begin, at approximately 12:47 p.m. on January 6, 2021, officers of the United States Capitol Police responded to the report of a possible explosive device in the vicinity of the National Republican Club, which is located at 300 First Street, Southeast, in Washington, D.C.

Shortly after the initial report of the possible explosive device in the vicinity of the National Republican Club, United States Capitol Police received a report of an additional possible explosive device at the Democratic National Committee Headquarters, which is located at 430 South Capitol Street, Southeast, in Washington, D.C. This location is approximately three blocks from the National Republican Club. The bomb squad of the United States Capitol Police responded to both locations to provide assistance in the investigation and to render the possible explosive devices safe.

Also as part of its response to the two reports of explosive devices, United States Capitol Police officers established a secure perimeter in an effort to protect the public and to facilitate the investigation of the possible explosive devices and any others in the vicinity. In connection with securing the area, canine units of the United States Capitol Police conducted investigative sweeps of the area. These investigative sweeps included canine sniffs and visual inspection of vehicles in the vicinity of the possible explosive device. While conducting these canine sweeps, two United States Capitol Police officers observed the handle of what appeared to be a firearm on the front right passenger seat of a red GMC Sierra 1500 pickup truck with Alabama license plate 52HJ703. A law enforcement database check of the vehicle registration revealed that the vehicle was registered to Lonnie L. Coffman with a home address in Falkville, Alabama.

After addressing the explosive devices found in the vicinity of the National Republican Club and the Democratic National Committee Headquarters, the Bomb Squad responded to the location of the Red GMC Sierra Pickup truck.  One black handgun was recovered from the right front passenger seat of the vehicle. After locating the black handgun, officers proceeded to search the rest of the pickup truck, including the bed of the truck, which was secured under a fabric top. During the search of the cab of the truck, officers recovered, among other things, one M4 Carbine assault rifle along with rifle magazines loaded with ammunition.

In addition, officers recovered the following items in the bed of the pickup truck in close proximity to one another: (i) eleven mason jars containing an unknown liquid with a golf tee in the top of each jar, (ii) cloth rags, and (iii) lighters. Upon finding these materials, bomb technicians observed that the items appeared to be consistent with components for an explosive or incendiary

device known as a "Molotov Cocktail." Based on this discovery, additional personnel were called to the scene, including the United States Capitol Police Hazardous Materials Team. A preliminary test by the United States Capitol Police Hazardous Material Team determined that the liquid in the mason jars was an igniting substance and that it had a spectrograph profile consistent with gasoline.

An explosive enforcement officer and a certified explosive specialist, both with the Bureau of Alcohol Tobacco Firearms and Explosives, were consulted and each stated that, based on their training and experience, the (i) eleven mason jars containing an unknown liquid with a golf tee in the top of each jar, (ii) cloth rags, and (iii) lighters found in close proximity to one another constitute a combination of parts either designed or intended for use in converting any device into a "destructive device," as defined in 26 U.S.C. § 5845(f), and from which a "destructive device" may be readily assembled. Possession of the above-referenced components without registering any "destructive devices" with the National Firearms Registration and Transfer Record violates 26 U.S.C. § 5861(d).

At approximately 6:30 p.m., a blue sedan with a female driver and a male front passenger, approached law enforcement officers in the 400 block of First Street, Southeast. Officers made contact with the vehicle, and the male passenger stated that he was trying to get to his vehicle that was parked in the 300 block of First Street, Southeast, which is the location that the Red GMC Sierra 1500 pickup truck had been located and searched. When the officers asked the man to provide a description of the vehicle, the male passenger stated that it was a red pickup truck. The officers then asked what the male passenger's name was, and he stated that his name was "Lonnie." As noted herein, officers had previously determined that the red GMC Sierra 1500 pickup truck with Alabama license plate 52HJ703 was registered to Lonnie L. Coffman. The man asked officers whether they had located the bombs, which officers initially understood to be a reference to the components to the destructive devices located in COFFMAN's truck, but later understood to be a reference to the secure perimeter that had been set up by law enforcement, which perimeter had kept COFFMAN from returning to his car earlier.

Based on the man's statements and their understanding of the statements at the time, the officers asked the male passenger if he would step out of the vehicle so that they could assist him further with locating his vehicle. Upon exiting the vehicle, the officers asked the male passenger if he had any weapons on his person, and he responded that he had a gun in his right front pants pocket. The officers then detained the male passenger—later confirmed to be Lonnie L. COFFMAN—and officers conducted a search of the right pocket which revealed a handgun, later fully identified as a 9mm Smith & Wesson handgun with serial number LFN2577, and a set of GMC vehicle keys. After securing the 9mm Smith & Wesson, officers conducted a further search of COFFMAN and recovered a 22 caliber derringer style handgun from his front left pocket along with another set of GMC vehicle keys. Both sets of keys matched the vehicle and were capable of unlocking its door. Officers also recovered a wallet from COFFMAN's person, which contained an Alabama driver's license with the name Lonnie Leroy Coffman and the same address in Falkville, Alabama, that was returned from database check of the vehicle registration for the red GMC Sierra Pickup.

According to records checks of the National Firearms Registration and Transfer Record database using COFFMAN's name and date of birth, neither the firearms recovered from

COFFMAN's person or his pickup truck, nor the destructive devices described above, are registered to him. In addition, COFFMAN has not registered any firearms in accordance with D.C. law.

Thereafter, law enforcement asked COFFMAN a series of questions about possible explosive devices in an effort to further secure public safety. Among other things, law enforcement asked COFFMAN about the contents of the mason jars. COFFMAN stated that the mason jars contained "melted Styrofoam and gasoline." An explosive enforcement officer with the Bureau of Alcohol Tobacco Firearms and Explosives has advised that melted Styrofoam and gasoline are an explosive mixture that has the effect of napalm insofar as it causes the flammable liquid to better stick to objects that it hits upon detonation.

COFFMAN was later asked about his earlier statement to officers in which COFFMAN had asked officers if they had located bombs. COFFMAN denied that he was referring to any bombs that he had knowledge of, and he explained that he was simply referring to his understanding based on the perimeter that had been established, which had kept COFFMAN from returning to his pickup truck. At this point, the United States Capitol Police does not attribute the explosive devices at the National Republican Club and the Democratic National Committee Headquarters to COFFMAN.

Law enforcement reviewed video surveillance footage from the area where the vehicle was discovered. The video footage indicates that the vehicle was parked there at around 9:15 a.m., and that around five minutes later one and only one individual departed the vehicle from the driver's side door. The video footage reveals that the person who departed the vehicle was wearing a jacket with a patch consistent with clothing worn by COFFMAN when he was arrested.

Based upon the above information, there is probable cause to believe that Lonnie Leroy COFFMAN, on or about January 6, 2021 did possess destructive devices in violation of Section 5861(d) of Title 26 of the United States Code. In addition, there is probable cause to believe that Lonnie Leroy COFFMAN, on or about January 6, 2021 did carry a pistol without a license outside of a home or business in violation of D.C. Criminal Code 22-4504(a).

Respectfully submitted,

Lawrence Anyaso
Special Agent
United States Capitol Police

Subscribed and sworn before me by telephone pursuant to Fed. R. Crim. P. 4.1 on January 7, 2021:

HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE